# Brooks v. Ingram, et al.

## Conspiracy.

(Decided April 23, 1914. 65 South. 138.)

1. *Conspiracy; Evidence; Hearsay.*—Where the action was for damages for conspiring wrongfully to prevent plaintiff from running an excursion train, hearsay evidence of the reason for the refusal of the railroad company to run the train on the day selected was not admissible.

2. *Same.*—Where plaintiff's claim was that by conspiring the defendant prevented him from running an excursion train to a point near their property and defendants set up that not enough people assembled to justify the excursion, it was competent to show that other excursions were run on the same day.

3. *Same; Proximate Cause.*—Where an excursion planned by plaintiff was called off by the railroad company because of the failure of enough persons to go, the defendants were not liable because they conspired to prevent the excursion and made misrepresentations to those assembled, if they did nothing to prevent the assembling of the excursion.

4. *Witnesses; Cross-Examination.*—Where plaintiff claimed that defendants had conspired to prevent him from running an excursion ·train to a point near their property by falsely representing that persons visiting defendant's property would be arrested for trespassing,

[Brooks v. Ingram, et al.]

it was competent for defendants to show on cross-examination of one of their number whether the public generally had a right to visit their premises without permission.

5. *Torts; Injury to Business.*—A landowner has a right to keep any and all persons off of his premises and is not liable in damages because he warns persons about to go on an excursion to a point near his property that they will not be permitted to trespass on his land.

6. *Sanitariums; Duty of Proprietor.*—The proprietor of a health resort or sanitarium has a right to exclude any and all persons from his premises who would have a detrimental effect upon guests there seeking to regain their health.

APPEAL from Jefferson Circuit Court.

Heard before Hon. E. C. CROWE.

Action by Nicholas Brooks against Bert A. Ingram and others for conspiracy in preventing the running of an excursion planned and contracted for by plaintiff. Judgment for defendant and plaintiff appeals. Affirmed.

C. B. POWELL, for appellant. It is competent to show that the agent of the railroad said that the train was canceled because Ingram and their crowd had broken it up by their conduct and their threats.—*Noel v. State,* 49 South. 824. The evidence does not disclose a bona fide effort to prevent people going on their property, but a conspiracy to injure plaintiff in his business for which an action will lie.—6 A. & E. Enc. of Law, 877. The court erred in giving charges 1, 5 and 7.—81 Pac. 1069; 82 Pac. 1079; 176 Mass. 492; 65 N. J. E. 91.

PERDUE & COX, for appellee. Hearsay evidence is not admissible.—*McIntyre v. White,* 124 Ala. 177. It was competent to show by defendant that no one had a right to go on the property without permission.—Mayf. 69. The court properly gave charges 1, 5 and 7.—38 Cyc. 1 and notes; 13 Cyc. 7 and notes.

MAYFIELD, J.—Appellant sued appellee to recover damages for wrongfully conspiring to prevent plaintiff

from running an excursion train from Birmingham, Ala., to Lock 3, on the Coosa river, and to or near the vicinity of Ingram Wells.

The complaint is as follows: "Plaintiff claims of the defendants $1,000 damages for this, that the plaintiff made a contract with the Seaboard Air Line Railroad Company whereby plaintiff was permitted to operate an excursion train on the Seaboard Air Line Railroad, out of Birmingham, Ala., to Lock 3 on the Coosa river on the 22d day of June, 1911, for which plaintiff paid $125 to the said railroad company, and expended in and about advertising and preparing for said excursion $150, and plaintiff avers that on the 22d day of June he had said train at Birmingham, ready to start, with five passenger coaches of the capacity of about 100 passengers each, and a large crowd of about 500 persons had assembled at the station prepared to take said train, a large number of whom had paid their fare of $1.25 each, and plaintiff avers that, in pursuance to a common design and purpose on the part of the defendant to injure plaintiff by inducing persons not to go on said excursion, the said defendants wrongfully sent agents into said crowd, and industriously circulated among them the false information that said train did not run to Lock 3, and that no person would be allowed to go to Ingram Wells, a place in the vicinity of. Lock 3, which place plaintiff had advertised that said passengers on said excursion would have the opportunity to visit, and that any of said passengers going there would be arrested for trespass by defendants, and, in pursuance to said common design and purpose, the defendants procured the advertisements of said excursion to be torn down where plaintiff had posted them, and, as a proximate consequence of said wrongs, the plaintiff was compelled to abandon said excursion, and he thereby suffered the loss

of said amount so paid, and lost great profits thereon all to his damage as aforesaid, for which he sues."

Defendants filed a great number of special pleas; but demurrers were sustained as to each, and the trial was had on the general issue as to the count set out above. The trial resulted in verdict and judgment for defendants, from which judgment plaintiff prosecutes this appeal.

Plaintiff sought to prove by hearsay testimony the reason for the railroad company's declining to run the excursion train on the occasion in question. The trial court, of course, properly declined to allow such proof.

There was no error in allowing defendants to ask Bert A. Ingram if he knew whether any one had the right to go to Ingram Wells without permission. The defendants certainly had the right on cross-examination to ask this question, and to ascertain if the witness had knowledge of this fact, which was material on this trial. It was a disputed question of fact what caused the failure of the excursion train in question to run on the day scheduled. It was therefore proper for the defendants to prove that other excursion trains were running out of Birmingham on the day in question. Such proof had some tendency to show that not enough passengers appeared to justify the running of the excursion train to Lock 3 or to Ingram Wells, and that this was the cause of the failure to run, and not any wrongful act of the defendants, as alleged.

The trial court, at the request of the defendants, charged the jury as follows:

"I charge you, gentlemen of the jury, that the defendant Ingram Lithia Water Company had the right to keep any and all persons off their premises, and, if they did no other acts than that of warning said persons off their premises, then you must find for said defendant."

[Brooks v. Ingram, et al.]

"I charge you, gentlemen of the jury, that the defendants were under a duty to protect their premises from any and all persons whose presence would be detrimental to the health of any guests that you may find from the evidence that defendants had there for the purpose of recuperating their health, and that, if an excursion of the kind and character shown by the evidence in this cause would be detrimental to their health, then it was the duty of the defendants to prevent said excursion from going on the premises where said guests were."

"I charge you, gentlemen of the jury, that, if you believe from the evidence that the said excursion was called off by the Seaboard Air Line Railway Company because enough persons did not congregate to go on said excursion, and that defendants did no act to prevent their so congregating, then you must find for the defendants."

There was no error in the giving of either of the above charges. Each asserted a correct proposition of law applicable to the issues and the evidence in the cause.

These are all the assignments that are sufficiently insisted upon to merit treatment or decision at our hands. The others have been examined, however, and we find no reversible error.

Affirmed.

ANDERSON, C. J., and SOMERVILLE and GARDNER, JJ., concur.